IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. WR-65,799-03






EX PARTE CLEVE FOSTER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


IN CAUSE NO. C-1-007519-0839040 FROM THE


CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY





 Price, J., filed a dissenting statement in which Womack, J., joined.


DISSENTING STATEMENT



 Since this Court dismissed the applicant's first subsequent post-conviction application
for writ of habeas corpus under Article 11.071 of the Texas Code of Criminal Procedure, (1)
the United States Supreme Court has stayed and then unstayed his execution twice, (2) based
upon claims that he should be able to proceed on the merits of a subsequent state writ
application because his court-appointed initial state habeas counsel rendered ineffective
assistance by failing to raise and develop a manifestly colorable claim of ineffective
assistance of trial counsel. After it lifted the second stay of the applicant's execution,
however, the Supreme Court granted certiorari review in Martinez v. Ryan, (3) and stayed
another Texas execution, in Balentine v. Texas, (4) in order to address (Martinez) and
(presumably) preserve (Balentine) issues that are essentially identical to that which the
applicant raised in his first subsequent writ application back in December, and now raises in
this, his second subsequent application. I do not know whether the Supreme Court might
once again stay the applicant's execution in light of Martinez and Balentine, but I do not
think that this Court ought to tolerate allowing any execution of the applicant to proceed
without knowing how the Supreme Court will ultimately dispose of the issues raised in those
cases. For reasons already expressed in my dissenting statements in Ex parte Foster, (5) and
Ex parte Balentine, (6) and because this Court refuses even to grant the applicant's motion for
stay of execution pending the Supreme Court's disposition of Martinez and Balentine, I am
once again compelled to dissent.

FILED: September 12, 2011

DO NOT PUBLISH
1. Tex Code Crim. Proc. art. 11.071. Ex parte Foster, 2010 WL 5600129 (Tex. Crim. App.,
No. WR-65,799-02, delivered Dec. 30, 2010) (not designated for publication).
2. Foster v. Texas, 131 S.Ct. 991 (2011); Foster v. Texas, 131 S.Ct. 1034 (2011); Foster v.
Texas, 131 S.Ct. 1848 (2011); Foster v. Texas, 131 S.Ct. 2951 (2011).
3. 131 S.Ct. 2960 (2011).
4. 131 S.Ct. 3017 (2011).
5. 2010 WL 5600129, WR-65,799-02 (Tex. Crim. App. delivered Dec. 30, 2010) (not
designated for publication) (Dissenting Statement of Price, J., joined by Holcomb, J.).
6. WR-54,071-03 (Tex. Crim. App. delivered June 14, 2011) (not designated for publication)
(Dissenting Statement of Price, J., joined by Johnson & Alcala, JJ.).